[Civ. No. 6626.   Second Appellate District, Division One.—August 21, 1931.]

CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. GRACE STEAMSHIP COMPANY (a Corporation), Respondent.

Erwin P. Werner, City Attorney, Frederick Von Schrader and Clyde M. Leach, Assistant City Attorneys, and Joseph T. Watson, Deputy City Attorney, for Appellant.

O'Melveny, Tuller & Myers and Warren S. Pallette for Respondent.

HOUSER, J.—It appears that the defendant is the owner of a tank steamship which at the time in question was berthed in the port of Los Angeles, which harbor was under the direct control of the harbor department of the plaintiff, and that the action of the defendant in shifting the position of said ship from the berth then occupied by it to another berth, which at that time was vacant and open to occupancy, resulted in damage to one of the wharves owned by the plaintiff. In an action subsequently brought by the plaintiff against the defendant for such damage, judgment was rendered in favor of the defendant, from which the plaintiff appeals to this court.

Appellant attacks the findings of fact made by the trial court to the effect that in compliance with compulsory requirements of the rules governing the port of Los Angeles, the pilot, who was supplied by the plaintiff at the request of the defendant, was in the employ of the plaintiff, but was in charge of the ship of the defendant continuously during the time that the change in the respective positions of the ship was being accomplished; and that the damage to the wharf of the plaintiff "was caused by the negligence of said compulsory pilot in directing the navigation of said tank steamship . . . and not . . . in any manner by the negligence or defection from duty of any of the officers or crew of the said tank steamship. . . . "

As to that part of the specifications of error of plaintiff which relates to the compulsion of the defendant to employ a pilot furnished by the plaintiff, the record herein satisfactorily sustains the conclusions expressed in said findings, in that the "rules and regulations governing the port of Los Angeles" which were admitted in evidence contain a provision which by its terms in effect required that the ship of the defendant on "entering or leaving, or moving from point to point within, the port of Los Angeles, must be piloted by a municipal pilot".

■ The contention of appellant, to wit, that because the master of the vessel ordinarily is the supreme authority thereon and has power to displace or discharge anyone engaged in assisting in the operation thereof, the negligence, if any, of the compulsory pilot in the instant matter is chargeable to the owner of the vessel, cannot be sustained. (*Homer Ramsdell Transp. Co.* v. *La Compagnie Generale Transatlantique,* 182 U. S. 406 [45 L. Ed. 1155 [21 Sup. Ct. Rep. 831, see, also, Rose's U. S. Notes]; see, also, *Dampskibsselskabet Atalanta A/S* v. *United States,* 31 Fed. (2d) 961; *The West Nohno,* 29 Fed. (2d) 950; *The Hathor,* 167 Fed. 194.)

■ As to whether the pilot was guilty of negligence in directing the movement of the ship was a question of fact to be determined by the trial court. Its finding thereon, if sustained by substantial evidence, is conclusive. Likewise as to the negligence of the officers and the crew of the ship at the time in question. No useful purpose would be subserved by a narration herein of the evidence upon which the trial court was warranted in reaching its several conclusions regarding the facts in the case. It is sufficient to state that the evidence was substantial in its nature and thereby met the legal requirements.

No other question presented by appellant requires discussion by this court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1931.